```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDEM ZERE, pro se,                                           :
                                                             :
                              Plaintiff,                     :
                                                             :              SUMMARY ORDER
                -against-                                    :              13-CV-0723 (DLI)(LB)
                                                             :
ANDERSON COOPER,                                             :
                                                             :
                              Defendant.                     :
                                                             :
                                                             :
------------------------------------------------------------ x
```
**DORA L. IRIZARRY, U.S. District Judge:**

On February 4, 2013, *pro se* plaintiff Edem Zere ("Plaintiff") filed this action against television personality Anderson Cooper by way of a six-page handwritten complaint, alleging essentially that Cooper has been harassing Plaintiff and his brother. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's request to proceed IFP solely for the purpose of this Summary Order, however, for the reasons set forth below, the complaint is dismissed.

In reviewing the complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted). A district court must nevertheless dismiss an IFP action at any time when it is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack*

*Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (quotation marks omitted). The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, reading the complaint liberally, it appears that Plaintiff accuses Cooper of: 1) implanting Plaintiff with electronic chips without first seeking his permission; 2) attempting to murder Plaintiff's brother; 3) attempting to murder Plaintiff at least four times; 4) blackmailing Plaintiff; and 5) damaging Plaintiff's health. (*See generally* Compl., Dkt. Entry 1.) Plaintiff wants Cooper arrested and requests that Cooper be prevented from using Twitter. Plaintiff also seeks explanations as to why all of this is happening to him.

The court finds these allegations irrational and incredible on their face. The events described in the complaint appear to have occurred in Plaintiff's mind, rather than in the physical world. Moreover, large parts of the complaint are incomprehensible. Accordingly, the complaint also does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009). Here, it is clear from Plaintiff's complaint that he does not have any possibility of asserting a plausible claim. Therefore, any attempt to amend the complaint would

be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with prejudice for failure to conform to Rule 8 and because the action is frivolous, and amendment of the complaint would be futile. *See* 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge